# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 26, 2018

| | |
|---|---|
| * * * * * * * * * * * * * * <br> CHAD KING and CHRISTEL KING, * <br> Parents of L.K., a Minor, * <br> * <br> Petitioners, * <br> v. * <br> * <br> SECRETARY OF HEALTH * <br> AND HUMAN SERVICES, * <br> * <br> * <br> Respondent. * <br> * * * * * * * * * * * * * * | UNPUBLISHED <br><br> No. 05-717V <br><br> Chief Special Master Dorsey <br><br> Attorneys' Fees and Costs. |

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, Illinois, for petitioners.
Heather L. Pearlman, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 5, 2005, Chad King and Christel King ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act") on behalf of their son, L.K., a minor. On April 20, 2015, petitioners filed an amended petition alleging that developmental delays, chronic diarrhea, food allergies, seizures, malabsorption syndrome, poor growth, elevated measles, mumps and rubella titers, and immune deficiency were more likely than not caused by adverse reactions to MMR, Varivax, and

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Comvax (Hepatitis B and Hib) vaccines administered on July 1, 2002, DTaP, IPV and Prevnar vaccines administered on October 24, 2002, and the Comvax vaccine administered on January 2, 2003. Amended Petition dated Apr. 20, 2015 at ¶ 1 (ECF No. 48).

On June 22, 2015, petitioners filed an Unopposed Motion to Reassign Case to Omnibus Proceeding, asking to be included in the J.M. (No. 02-10V) omnibus proceeding and agreeing to be bound by the ruling in J.M. Motion dated Jun. 22, 2015 at ¶ 11 (ECF No. 51).

On August 31, 2017, the undersigned issued a decision dismissing both J.M. et al. and this case. J.M. et al. v. Sec'y of Health & Human Servs., No. 02-10V, 2017 WL 7409771 (Fed. Cl. Spec. Mstr. Aug. 31, 2017); See also Decision Dismissing Petition dated Aug. 31, 2017 (ECF No 74).

On February 1, 2018, petitioners filed an Application for Attorneys' Fees and Costs. Petitioners' Application (ECF No. 80). Petitioners request $16,633.40 in attorneys' fees, and $21.66 in attorneys' costs. Petitioners have no costs in this case. Thus, petitioners request a total of $16,655.06 in fees and costs. Id. at ¶ 2.

On February 08, 2018, respondent filed Respondent's Response to Petitioners' Application for Attorneys' Fees and Expenses indicating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. App. ("Res. Response") at 2 (citing § 15(e)(1)(A)-(B)) (ECF No. 82). "Respondent respectfully recommends the Chief Special Master exercise her discretion and determine a reasonable award of attorneys' fees and costs." Id. at 3.

The undersigned has reviewed the billing records submitted with petitioners' request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested attorney hourly rates or costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The petitioners' request is reasonable, and the undersigned **GRANTS** petitioners' motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the following:**

**A total of $16,655.06**[3] **as a lump sum in the form of a check jointly payable to petitioners and petitioners' counsel, Edward Kraus, Esquire.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

The Clerk of the Court SHALL ENTER JUDGMENT in accordance herewith.[4]

**IT IS SO ORDERED.**

                                              **s/Nora Beth Dorsey**
                                              Nora Beth Dorsey
                                              Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.